Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6395 | **DATE** | 10/12/10 |
| **CASE TITLE** | Seneca Smith (#K-76299) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $31.73 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, Superintendent Martinez, Tom Dart and Salvador Godinez are dismissed as Defendants. The Clerk is directed to issue summonses for Defendants Conley, Farris, Martierie, Blunt, Alverez, and Wilson. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Status hearing set for 12/17/10 at 9:30 a.m.

■ [For further details see text below.]                                                             Docketing to mail notices.

## STATEMENT

Plaintiff, currently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his rights by being deliberately indifferent to a serious medical condition when he took pills in an attempt to harm himself. Plaintiff further alleges that Defendant Conley used excessive force against him, spraying him with mace. Plaintiff additionally alleges the Superintendent Martinez, Cook County Sheriff Tom Dart, and Cook County Jail Executive Director Salvador Godinez have instituted a custom or policy of using excessive force against pre-trial detainees at Cook County Jail.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $31.73. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

AWL

**STATEMENT**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act for deliberate indifference to a serious medical condition against Defendants Conley, Farris, Martierie, Blunt, Alverez, and Wilson (hereinafter, "Defendants"). *Sanville v. McCaughtry*, 266 F.2d 724, 734 (7th Cir. 2001). Plaintiff has further stated a cause of action against Defendant Conley for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the complaint.

However, Plaintiff's assertions of a policy of excessive force being used at the Cook County Jail is a statement of legal conclusion and is based upon a single incident. Such allegations are insufficient to state a claim. *See Calhoun v. Ramsey,* 408 F.3d 375, 380 (7th Cir. 2005) (a claim that a supervisory official failed to train or supervise requires a showing of a custom or policy of deliberately allowing inadequate training; a single random incident of excessive force does not establish such a claim); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (a formulaic recitation of the elements of a cause of action with merely labels and legal conclusions is insufficient to state a claim; a complaint must provide enough to raise the litigant's right of relief above a speculation level). "A single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326. (7th Cir. 1993). Thus, with respect to this claim Plaintiff has failed to state a claim upon which relief can granted. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (the court should "draw on its judicial experience and common sense" when determining if a complaint states a plausible claim for relief). Consequently, Defendants Superintendent Martinez, Sheriff Tom Dart, and Executive Director Salvador Godinez are dismissed.

The Clerk shall issue summonses for service of the complaint on Defendants. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.