# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6395 | **DATE** | 2/14/11 |
| **CASE TITLE** | Seneca Smith (#K-76299) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for appointment of counsel [#17] is denied.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff has filed a motion for appointment of counsel. The motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical that might preclude him from adequately investigating the facts giving rise to his complaint. While he has pleaded mental illness, he has pleaded that he is receiving medication and treatment for his mental illness, and is an experienced and able litigator, having successfully stated a cause of action in this matter, and having submitted well pled motions like the one at hand. Additionally, neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

Further, it should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

| | AWL |
|---|---|